UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. STRATMON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MARVIN TUCKER, et al., <br><br> Defendants. | 1:12-cv-01837-LJO-GSA-PC <br><br> ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION <br> (ECF No. 34.) |

**I.   BACKGROUND**

David L. Stratmon, Jr. ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971. This case proceeds on Plaintiff's original Complaint, filed on November 9, 2012, against defendant Morris (Factory Manager) ("Defendant"), for retaliation and interference with incoming mail, in violation of the First and Fourteenth Amendments. (ECF. No. 1.)

On July 24, 2015, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 34.) Defendant filed a response. (ECF No. 35.)

1

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff seeks a court order requiring prison officials to relinquish his property to him. The order Plaintiff seeks would not remedy any of the claims upon which this action proceeds. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

///

**III.     CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary injunctive relief, filed on July 24, 2015, is DENIED.

IT IS SO ORDERED.

    Dated:  **July 27, 2015**                         **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE