# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STRATMON, JR., | Case No. 1:12-cv-01837-DAD-SAB-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| ANGELA MORRIS, | |
| Defendant. | (ECF NO. 26) |
| | OBJECTIONS DUE IN TWENTY DAYS |

Plaintiff David Stratmon, Jr., is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Defendant's motion for summary judgment, filed on May 18, 2015. As discussed herein, the Court shall recommend that Defendant's motion for summary judgment be granted in part and denied in part.

## I.

## PROCEDURAL HISTORY

This action proceeds on the complaint filed November 9, 2012. Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the U.S. Penitentiary at Tucson, Arizona, brings this

action against Defendant Angela Morris, a UNICOR employee at the U.S. Penitentiary at Atwater, California, where the event at issue occurred.[1] On August 14, 2014, an order was entered, finding that the complaint stated a claim for relief against Defendant Morris for retaliation and interference with the right to receive mail, and for failure to notify Plaintiff of withheld mail. (ECF No. 11.) On September 17, 2014, Plaintiff notified the Court of his intention to proceed only on the cognizable claims against Defendant Morris. (ECF No. 13.) On November 12, 2014, an order was entered by the district court, directing that this action proceed on Plaintiff's retaliation and interference with mail claims against Defendant Morris, and dismissing the remaining claims and Defendants. (ECF No. 16.) The complaint was served, and Defendant Morris responded by the motion for summary judgment that is before the Court. (ECF No. 26.) Along with her motion, Defendant served Plaintiff with the notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc) and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). On October 13, 2015, Plaintiff filed opposition to the motion. (ECF No. 41.) Defendant filed a reply on November 10, 2015. (ECF No. 44.)

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider

---

[1] Federal Prison Industries (commonly referred to as FPI or by its trade name UNICOR) is a wholly owned, government corporation established by congress on June 23, 1934. Its mission is to employ and provide job skills and training to the greatest practicable number of inmates confined within the Federal Bureau of Prison. http://www.bop.gov/inmates/custody/unicor.jsp (last visited August 9, 2016).

other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp., 627 F.3d at 387 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In arriving at its conclusion, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

///

///

## III.

## DISCUSSION

### A.     Summary of Plaintiff's Complaint

Plaintiff alleges that on December 23, 2010, an inmate employed by UNICOR was caught with two metal rods while exiting the institution dining hall. The inmate took the items prior to leaving his UNICOR job. On the same date, Plaintiff was summoned to the Lieutenant's office from his housing unit. Plaintiff was told that a metal rod had been found by UNICOR staff in the work area where Plaintiff was assigned. Plaintiff explained that seventy other UNICOR workers had the same access as he did. Plaintiff also told the Lieutenant that he had been in his housing unit "during the occurrence of the aforementioned events prior to his being called." Approximately twenty minutes after he returned to his housing unit, Plaintiff was summoned to UNICOR by Defendant Morris, and former defendants Sahota and Stokes. These officers allegedly threatened Plaintiff. It was implied that if Plaintiff did not tell them who took the rod, it would be easy to arrange a metal rod to be "found" in Plaintiff's locker. Defendant Morris told Plaintiff to either resign or be locked up. Plaintiff resigned.

Plaintiff filed an inmate grievance regarding the matter. After the grievance was filed, Plaintiff was approached by Defendant Morris and told that the matter was not going to be resolved through the administrative grievance process and reminded Plaintiff about her threat. Defendant Morris threatened Plaintiff with further sanctions if he did not "comply with her stipulations and regulations."

Plaintiff alleges that he was the recipient of a UNICOR scholarship. Plaintiff successfully completed an electronics course. Plaintiff was ready to take the final examination and was awaiting the results of his final grades when communication with the university ended. Plaintiff attempted to obtain the final grades, and enlisted the help of his counselor. Plaintiff was advised by the university that they had complied by sending, on numerous occasions, the information requested. Plaintiff alleges that it was not until further inquiries on the part of his counselor that it was revealed that Defendant Morris intentionally intercepted and confiscated Plaintiff's educational correspondence. Plaintiff alleges that this went on for over eight months,

causing Plaintiff to miss his deadline for final exams for a course.

**B.     Grievance Process**

Defendant moves for partial summary judgment on the ground that Plaintiff has failed to exhaust his available administrative remedies on his claims prior to bringing suit. Defendant argues that Plaintiff failed to exhaust his administrative remedies regarding his claims that he was retaliated against for filing a grievance regarding his forced resignation and the failure to notify him that his mail being withheld. Defendant does not move for summary judgment on Plaintiff's claim that Defendant interfered with his receipt of incoming mail.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only of the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

The BOP has established an administrative remedy procedure by which an inmate can seek review of a complaint regarding any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. If an inmate cannot resolve his complaint informally (Form BP-8), he must present an Administrative Remedy Request Form (BP-9) to the Warden. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the Warden's response to the BP-9, he may submit an Administrative Remedy Appeal (Form BP-10) to the Regional Director within 20 calendar days. 28 C.F.R. §

5

542.15(a).  If dissatisfied with the Regional Director's response, the inmate may file an Administrative Remedy Appeal (Form BP-11) to the General Counsel in the Central Office of the BOP within 30 calendar days of the date of the response.  Id.  Administrative exhaustion is complete when the Central Office rules on the inmate's final appeal.  (Id.)

### C. Undisputed Facts

Defendants support their motion with the declaration of Jennifer Vickers, a paralegal specialist in the BOP Western Regional Counsel's Office.  Ms. Vickers is familiar with the administrative remedy program, and has access to various BOP databases, including those dealing with administrative remedies.  Defendant submits the following undisputed facts.[2]

1. Plaintiff is an inmate at the United States Penitentiary in Victorville, California. He was previously an inmate at the United States Penitentiary in Atwater, California. (Decl. of Jennifer Vickers ("Vickers Decl.") ¶ 4.)

2. Plaintiff is proceeding in this action on claims against Defendant Angela Morris, the UNICOR Factory Manager, for retaliation and interference with mail. (ECF No. 14, 16.)

3. Plaintiff's retaliation claim is that Defendant threatened Plaintiff because Plaintiff filed an inmate grievance regarding his coerced resignation from his prison job. (ECF No. 11 at 4:22-24; ECF No. 12, 13.)

4. Plaintiff's interference with mail claim is that Defendant deliberately prevented Plaintiff from receiving his mail without any notice to Plaintiff. (ECF No 11 at 5:6-12; ECF Nos. 14, 16.)

5. The BOP maintains records of administrative remedies in the SENTRY computer system, a national database which includes all administrative grievance filings (Forms BP-9, BP-10 and BP-11) made by inmates incarcerated in BOP facilities. (Vickers Decl. ¶¶ 2-4.)

---

[2] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed. Local Rule 56-260(b). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

1    6.    Plaintiff did not file any administrative remedy requests pertaining to his allegation that Defendant retaliated against him because he filed a grievance regarding his coerced resignation from UNICOR. (Vickers Decl. ¶ 6 and Attachment 1.)

7.    In January 2012, USP Atwater received a BP-9 administrative remedy request – A/R 670882-F1 – from Plaintiff that pertained to the claim that he was not notified that his mail had been confiscated by Defendant Morris. (Vickers Decl. ¶ 8, Attachment 1 at 23.)

8.    USP Atwater rejected A/R 670882-F1 (BP-9) as untimely. (Vickers Decl. ¶ 8, Attachment 1 at 23, Attachment 3.)

9.    Plaintiff appealed to the Western Regional Office, which rejected A/R 670882-R1 (BP-10) as untimely. (Vickers Decl. ¶ 8, Attachment 1 at 23, Attachment 3.)

10.    Plaintiff did not file a BP-11 with the Central Office regarding his claim that he was not notified that his mail was confiscated. (Vickers Decl. ¶ 8.)

**D.  Discussion**

The Court finds that Defendant has met her burden on summary judgment. Defendant has come forward with evidence that Plaintiff did not exhaust administrative remedies for his claim that Defendant retaliated against him or for his claim that he did not receive notice that his incoming mail was being withheld. The evidence establishes that Plaintiff did not file any administrative remedy request pertaining to his allegation that Defendant retaliated against him because he filed a grievance regarding his coerced resignation from UNICOR. (SUF No. 8.) Although Plaintiff filed an administrative remedy on his claim that his mail was being withheld without notification, that remedy was rejected as untimely by both USP Atwater and the Western Regional Office. (SUF No. 9.) Plaintiff did not file a BP-11 with the Central Office for this claim. (Id.)

Plaintiff's opposition consists of four pages of oral argument. Plaintiff's motion is not made under the penalty of perjury and will therefore not be considered as a declaration in support of Plaintiff's opposition. Plaintiff argues generally that he filed an administrative remedy

1  regarding Defendant's "misconduct and prior acts against Plaintiff."  (ECF No. 41, p. 2.)
2  Plaintiff refers to a grievance number regarding missing correspondence: 663915 (A1), 663915
3  (A2), 66395 (R1), 663915 (F1).  Plaintiff also refers to the grievance referred to above regarding
4  his confiscation notice, 670882 (R1), 670882 (F1).

5        1.      <u>Interference with Mail Claim</u>

6        This action is proceeding on Plaintiff's claim that Defendant Morris interfered with his
7  receipt of incoming mail.  The screening order stated that "Plaintiff alleged facts indicating that
8  Defendant Morris deliberately prevented Plaintiff from receiving his mail without any notice to
9  Plaintiff."  (ECF No. 11 at 6:6-7.)  Defendant moves for summary judgment only on the
10 allegation that Plaintiff did not exhaust this claim as it alleges the failure to receive notice.
11 However, a prison grievance suffices if it alerts the prison officials to the nature of the wrong for
12 which redress is sought.  <u>Griffin v. Arpaio</u>, 57 F.3d 1117, 1120 (9th Cir. 2009).  The grievance
13 need not contain every fact necessary to prove each element of an eventual legal claim because
14 the purpose of the grievance is to alert the prison to the problem and facilitate its resolution.
15 <u>Griffin</u>, 57 F.3d at 1120.

16       In his complaint, Plaintiff alleges that he received a scholarship and was attending class.
17 (ECF No. 1 at 5.)  Plaintiff was awaiting the results of his final grades so he could take the final
18 examination.  (<u>Id.</u>)  Plaintiff and his counsel spent over eight months attempting to get his final
19 grades and were told that the grades had been sent on numerous occasions.  (<u>Id.</u> at 5-6.)
20 Plaintiff's counsel subsequently learned that Defendant Morris had been confiscating the mail
21 sent to Plaintiff from the school.  (<u>Id.</u> at 6.)  This caused Plaintiff to miss the deadline for his
22 final examinations.  (<u>Id.</u>)

23       On November 8, 2011, Plaintiff submitted appeal no. 663915-R1 alleging that his school
24 papers were missing from the mail.  (ECF No. 26-4 at 27, 28, 29; Decl. of Jennifer Vickers ¶ 7.)
25 It is not disputed that this appeal exhausted Plaintiff's claims that Defendant Morris was
26 interfering with Plaintiff's mail.  On December 28, 2011, Plaintiff submitted appeal no. 670882-
27 F1 alleging he never received a confiscation form for mail which was confiscated by Defendant
28 Morris.  (<u>Id.</u> at 36-37.)  The appeal was denied on January 4, 2012 as untimely filed.  (<u>Id.</u> at 27-

28, 35.) On January 5, 2012, Plaintiff filed an appeal stating that he spent five months trying to ascertain what had happened to his correspondence from the school and it was not until five months after the correspondence was sent that he was approached by Defendant Morris and told that she had confiscated the mail. (Id. at 39.)

Defendant argues that Plaintiff did not exhaust his claim that Defendant Morris did not provide him with notice that his mail was being confiscated because appeal no. 670882-F1 was denied as being untimely. Defendant has not provided a copy of the substance of appeal no.663915-FI which alleged that Plaintiff's mail was being confiscated by Defendant Morris; therefore, the Court is not aware of the specific allegations regarding what "interference" was alleged. The information provided states "school papers missing from mail." (ECF No. 26-4 at 27.) It is reasonable to assume that the fact that Plaintiff was grieving his school papers missing from the mail, and since Defendant does not dispute that this exhausts his claim that she was interfering with his mail, should have provided prison officials with notice that Plaintiff had not received a confiscation form regarding the mail at issue. Accordingly, the Court finds that Plaintiff's appeal no. 663915 did exhaust his claim that Defendant Morris did not notify him that she had confiscated his mail.

Defendant's motion for summary adjudication on this claim should be denied.

2.  <u>Retaliation Claim</u>

The August 4, 2014 screening order found that Plaintiff stated a claim that Defendant Morris retaliated against Plaintiff by threatening him for filing a grievance regarding his forced resignation from his prison job. (ECF No. 11 at 4:22-24.) Defendant contends that Plaintiff did not exhaust his claim that he was retaliated against for filing a grievance regarding his forced resignation. Defendants do not dispute that Plaintiff filed an appeal alleging that Defendant Morris forced him to resign from his job. In his appeal filed April 29, 2011, Plaintiff alleged "wrongful termination, willful deprivation of due process, collusion, malicious intimidation, willful negligence, and discrimination. (ECF No. 26-4 at 33.) Plaintiff withdrew the appeal on May 24, 2011 based on a satisfactory informal resolution. (Id.) Nothing in this appeal would place prison officials on notice that Plaintiff was alleging that Defendant Morris or any other

1 prison official was engaged in any retaliatory action toward Plaintiff.

2 Defendant submits the declaration of Ms. Vickers asserting that a review of Plaintiff's inmate appeals does not reveal any appeal alleging Defendant Morris or any other staff member at Atwater was retaliating against Plaintiff because he filed a grievance. (Decl. of Jennifer Vickers at ¶ 6.) Plaintiff argues, without evidentiary support, that Defendant "prevented and interfered with Plaintiff's attempt to exhaust his remedy thru this means." (Id.) Plaintiff's argument appears to be that since Defendant Morris investigated the grievance that he filed against her, she interfered with his ability to exhaust his administrative remedies. However, Plaintiff does not submit any evidence that he submitted or attempted to submit an appeal regarding any allegedly retaliatory conduct by Defendant Morris.

Accordingly, Plaintiff has not met his burden of demonstrating that he exhausted his administrative remedies regarding his claim that Defendant Morris retaliated against him. Therefore, Defendant's motion for summary judgment on Plaintiff's retaliation claim should be granted.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment be GRANTED IN PART AND DENIED IN PART as follows:

1. Summary judgment should be GRANTED on Plaintiff's claim that Defendant Morris retaliated against Plaintiff for filing an administrative grievance;

2. Summary judgment should be DENIED on Plaintiff's claim that Defendant Morris did not provide notice that his mail was confiscated; and

3. This action should proceed on Plaintiff's claims against Defendant Morris for interference with mail.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **twenty (20)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 24, 2016**

UNITED STATES MAGISTRATE JUDGE