# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STRATMON,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGELA MORRIS,<br><br>  Defendant. | Case No. 1:12-cv-01837-DAD-SAB-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 47) |

Plaintiff David Stratmon, Jr., is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of</u> Narcotics, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 2, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 47.) Plaintiff has not previously sought the appointment of counsel.

Plaintiff is advised that there is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

2     In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on claims of retaliation and interference with the right to receive mail, and for failure to notify Plaintiff of withheld mail. (ECF No. 11.) The legal issues in this case are not complex, and Plaintiff has thoroughly set forth his arguments in the complaint filed in this action. Plaintiff argues that it is difficult for him to obtain information and needs the appointment of counsel. Plaintiff argues that his confinement limits his ability to conduct investigation of his case. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That it is difficult for Plaintiff to obtain information, or the circumstance of confinement, does not constitute exceptional circumstances.

    While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.") Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **September 6, 2016**

UNITED STATES MAGISTRATE JUDGE

2