UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. STRATMON, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>ANGELA MORRIS,<br><br>            Defendant. | No. 1:12-cv-01837-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 26, 46, 55) |

   Plaintiff David L. Stratmon, Jr. is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

   On May 18, 2015, defendant Angela Morris filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, based upon plaintiff's alleged failure to properly exhaust his administrative remedies prior to filing suit as required. (Doc. No. 26.) On August 24, 2016, the assigned magistrate judge filed findings and recommendations recommending that defendant's motion for summary judgment be granted in part and denied in part. (Doc. No. 46.) Specifically, the magistrate judge recommended that summary judgment

1

should be granted on plaintiff's claim that defendant retaliated against him for filing an administrative grievance, but should be denied with respect to plaintiff's claim that defendant failed to notify him that his mail was being withheld.  The magistrate judge further recommended that this case should proceed on plaintiff's claims that defendant interfered with his receipt of incoming mail.  (*Id*. at 10.)

The findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within twenty days.  (*Id*. at 10–11.)  After plaintiff was granted two extensions to file his objections (Doc Nos. 50, 52), he timely filed objections on November 15, 2016.  (Doc. No. 55.)  Defendant did not file any objections, but did file a response to plaintiff's objections, on November 17, 2016. (Doc. No. 56.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations are supported by the record and by proper analysis.

Plaintiff's objections assert that there is a material issue of fact on the merits, and he declares under penalty of perjury that defendant Morris threatened him for filing an administrative grievance regarding his forced resignation from his prison job, and that she exhorted him to withdraw that administrative grievance (A/R 638745-F1).  (Doc. No. 55.) Plaintiff's objections, however, do not address whether he then filed any administrative grievance pertaining to those retaliation allegations against defendant.  Instead, defendant has met her burden to come forward with evidence that plaintiff did not exhaust such administrative remedies with respect to his retaliation claim, and plaintiff has not come forward with evidence on summary judgment demonstrating any material factual dispute regarding that matter.

Accordingly,

1. The August 24, 2016 findings and recommendations (Doc. No. 46) are adopted in full;
2. Defendant's motion for summary judgment due to plaintiff's failure to exhaust his administrative remedies (Doc. No. 26) is granted in part and denied in part;

/////

3. Plaintiff's claim that defendant retaliated against him for filing an administrative grievance is dismissed, without prejudice, due to his failure to exhaust his administrative remedies with respect to that claim as required;
4. This action will proceed on plaintiff's claims against defendant for interference with mail; and
5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **January 4, 2017**

_____
UNITED STATES DISTRICT JUDGE