UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. STRATMON, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANGELA MORRIS, <br><br> Defendant. | Case No.: 1:12-cv-01837-DAD-SAB (PC) <br><br> ORDER DIRECTING DEFENDANT TO RESPOND TO COMPLAINT FOLLOWING DISPOSITION OF MOTION FOR SUMMARY JUDGMENT <br><br> Responsive Pleading Due Date: **January 19, 2017** |

Plaintiff David L. Stratmon, Jr. is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On November 12, 2014, the then-assigned District Judge adopted the findings and recommendations of the then-assigned Magistrate Judge, and ordered for this action to proceed against Defendant Angela Morris on Plaintiff's claims of retaliation and interference with incoming mail.[1] (ECF No. 16.) Following some delays due to service issues, the complaint was eventually served on Defendant Morris, who was required to respond to the complaint by May 20, 2015. (ECF Nos. 23, 24.)

On May 18, 2015, Defendant filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, based on Plaintiff's alleged failure to properly exhaust his administrative

---

[1] At that time, this matter was assigned to District Judge Lawrence J. O'Neill and Magistrate Judge Gary S. Austin. Due to Judge Austin's temporary retirement from the bench, and the appointment of Judge Dale A. Drozd to the position of United States District Judge, this matter was later re-assigned. It currently proceeds before District Judge Drozd and the undersigned.

1

remedies prior to filing suit. (ECF No. 26.) No answer to the complaint was filed, and the parties proceeded to brief the motion for partial summary judgment over the next several months.

On August 24, 2016, the undersigned issued findings and recommendations recommending that Defendant's partial motion for summary judgment be denied in part and granted in part. (ECF No. 46.) Following some extensions of time, (ECF Nos. 50, 52), on November 15, 2016, Plaintiff objected to those findings and recommendations, (ECF No. 55).

On January 4, 2017, the District Judge adopted the findings and recommendations in full, over Plaintiff's objections. (ECF No. 57.) Specifically, the District Judge ordered that Plaintiff's claims that Defendant retaliated against him for filing an administrative grievance be dismissed without prejudice. Thus, the case proceeds on Plaintiff's claim that Defendant interfered with his receipt of incoming mail and failed to notify him that his mail was being withheld. The District Judge also referred his matter to the undersigned for further proceedings. The January 4, 2017 order was entered by the Clerk of the Court on January 5, 2017, and electronic notice was provided to defense counsel on that date, while Plaintiff was served with the order by mail.

Defendant's motion for partial summary judgment having been disposed of, Defendant is now required to file and serve a responsive pleading to the complaint. See Mann v. Lee, No. C 07-00781 MMC (PR), 2009 WL 5178095, at *2 (N.D. Cal. Dec. 22, 2009) (discussing that a motion for summary judgment that adequately contests the action extends the time for a defendant to file a responsive pleading to the complaint until after summary judgment is decided, pursuant to the tolling provisions of Rule 12(a)). Under the relevant provisions of Rule 12(a), a responsive pleading must be served within fourteen days after notice of the Court's disposition of Defendant's motion for partial summary judgment. See Fed. R. Civ. P. 12(a)(4)(A).

//
//
//
//
//
//

1  Accordingly, it is HEREBY ORDERED that Defendant file and serve a responsive pleading to
2  Plaintiff's complaint on or before January 19, 2017.

4  IT IS SO ORDERED.

5  Dated:   **January 6, 2017**
6  　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE