1

2

3

4

5

6    **UNITED STATES DISTRICT COURT**

7    **EASTERN DISTRICT OF CALIFORNIA**

8

9    DAVID L. STRATMON, JR.,                  ) Case No.: 1:12-cv-01837-DAD-SAB (PC)
                                              )
             Plaintiff,                       )
10                                            )
                                              ) ORDER DENYING PLAINTIFF'S SECOND
11       v.                                   ) MOTION FOR THE APPOINTMENT OF
                                              ) COUNSEL
     ANGELA MORRIS,                           )
12                                            ) [ECF No. 65]
             Defendant.                       )
13                                            )
                                              )
14   _____ )

15           Plaintiff David L. Stratmon, Jr. is a federal prisoner proceeding pro se in this civil rights action

16   pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388

17   (1971). This matter proceeds on Plaintiff's claim that Defendant Morris interfered with his receipt of

18   incoming mail and failed to notify him that his mail was being withheld. This matter was referred to

19   the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

20           Currently before the Court is Plaintiff's second motion for the appointment of counsel. (ECF

21   No. 65.) Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>

22   <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

23   Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1), <u>Mallard v. United States District Court for the Southern</u>

24   <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional

25   circumstances the Court may request the voluntary assistance of counsel pursuant to section

26   1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

27           Without a reasonable method of securing and compensating counsel, the Court will seek

28   volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional

1

circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks the appointment of counsel because he is unable to afford counsel, the legal issues are complex, his legal documents and reference materials have been destroyed and confiscated, and he has limited knowledge of the law. In the present case, the Court does not find that exceptional circumstances exist which would warrant a request for the voluntary assistance of counsel. Circumstances common to most prisoners, such as non-attorney status and limited law library access, do not establish exceptional circumstances. Further, the record reflects that Plaintiff is adequately able to articulate his claim, and the issues raised are not complex. As discovery is underway, at this stage, the Court does not find any likelihood of success on the merits.

Accordingly, Plaintiff's second motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **September 5, 2017**

_____
UNITED STATES MAGISTRATE JUDGE