UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. STRATMON, JR., <br> Plaintiff, <br> v. <br> ANGELA MORRIS, <br> Defendant. | Case No.: 1:12-cv-01837-DAD-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AND TO STRIKE DEFENDANT'S ANSWER <br><br> [ECF No. 68] <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff David L. Stratmon, Jr. is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter proceeds on Plaintiff's claim that Defendant Morris interfered with his receipt of incoming mail and failed to notify him that his mail was being withheld. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for judgment by default and to strike Defendant's answer, filed on December 7, 2017. (ECF No. 68.) The time for a response to the motion has passed, and no response was filed. The motion is deemed submitted without oral argument. Local Rule 230(l).

1

# II.

# DISCUSSION

## A. Motion for Judgment by Default and to Strike Defendant's Answer

On November 30, 2017, Defendant filed a motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 67.) Plaintiff's response to that motion was due within twenty-one (21) days of the date of service of that motion. Local Rule 230(l). That deadline has passed, and no response has been filed.

Instead, as noted above, on December 7, 2017, Plaintiff filed the instant motion. Plaintiff asserts that his ability to litigate his claim in this case has been "severely curtailed due to the destruction and confiscation of his legal materials," including reference books, affidavits, declarations, draft motions, and other documents. (ECF No. 68, at p. 1.) Plaintiff further asserts that he is unable to reobtain these materials, and that his materials were gathered over a four-year period. Plaintiff further asserts that prison officials failed to protect and preserve his access to the courts, and did so with more than inadvertence, lack of due care, negligence or error. Specifically, Plaintiff states that defendant "S. White" failed to preserve his materials, but the only defendant in this matter is Defendant Morris. Plaintiff further asserts that his items were not properly confiscated as contraband. Therefore, he seeks a judgment by default.

Liberally construed, it appears Plaintiff seeks a judgment by default and to strike Defendant's answer as a sanction for interference by prison officials with his ability to gather and retain evidence in this case and litigate his claim. Logically, this also appears to be a reason for Plaintiff's failure to respond to Defendants' pending summary judgment motion.

## B. Legal Standards

Rule 37 of the Federal Rules of Civil Procedure permits sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Those sanctions include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," Fed. R. Civ. P. 37(b)(2)(A)(i); "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii); "striking pleadings in whole or in

part," Fed. R. Civ. P. 37(b)(2)(A)(iii); and "rendering a default judgment against the disobedient party," Fed. R. Civ. P. 37(b)(2)(A)(vi).

Dismissal and default judgment are allowed only in "extreme circumstances." Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc., 332 Fed. Appx. 387, 389 (9th Cir. 2009) (citing Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589, 591 (9th Cir. 1983)). "[I]n order to warrant imposition of [default] sanctions, the violation(s) must be 'due to willfulness, bad faith, or fault of the party.' " United States ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co., 857 F.2d 600, 603 (9th Cir. 1988) (quoting Wyle, 709 F.2d at 589).

**C.     Analysis**

In general, prisoners have a constitutional right to litigate claims challenging their sentences or the conditions of their confinement without active interference by prison officials. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Thus, prison officials are prohibited from engaging in malicious, affirmative, and intentional interference in a prisoner's right to litigate.

Here, Plaintiff has only made general and unsupported allegations of interference by prison officials who are not the Defendant in this matter. Plaintiff states that books, legal documents, draft documents, and other documents were interfered with, but does not explain what these materials were. Since no particular documents or materials are described, it is not clear what materials Plaintiff is deprived of that are necessary for litigating this case. Further, there are no allegations against Defendant Morris, although Plaintiff seeks to strike that Defendant's answer and seeks for default judgment to be entered against that Defendant.

Plaintiff also states that his materials were destroyed and confiscated. The fact that some materials were confiscated, rather than destroyed, implies that materials may be returned to him which may enable him to prosecute this case and to prepare a response to the pending motion for summary judgment. The extent of any alleged interference by prison officials is not clear. Plaintiff also does not describe how he knows whether his materials were destroyed, lost, damaged, or taken for storage purposes, or whether he made any attempts to have his materials returned. There are simply no facts given or evidence presented to describe how prison officials have specifically interfered with his

3

ability to litigate this case, much less any evidence of willfulness, bad faith, or fault by Defendant Morris through any active interference with Plaintiff's ability to litigate.

On the limited unsupported contentions that Plaintiff has provided, the Court cannot determine that that requested sanctions are warranted under the circumstances.

## III.

## CONCLUSION

For the reasons explained above, the Court HEREBY RECOMMENDS that Plaintiff's motion for judgment by default and to strike Defendant's answer, filed on December 7, 2017 (ECF No. 68), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 17, 2018**

UNITED STATES MAGISTRATE JUDGE