UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STRATMON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA MORRIS,<br><br>Defendant. | No. 1:12-cv-01837-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AND TO STRIKE DEFENDANT'S ANSWER<br><br>(Doc. Nos. 68, 69) |

Plaintiff David Stratmon, Jr. is a federal prisoner proceeding *pro se* in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On November 30, 2017, defendant Morris filed a motion for summary judgment. (Doc. No. 67.) Plaintiff did not respond to that motion within the time permitted. Instead, on December 7, 2017, plaintiff filed a motion for judgment by default and to strike defendant's answer, on the basis that plaintiff's ability to litigate this case had been curtailed due to the destruction and confiscation of his legal property. (Doc. No. 68.)

On January 18, 2018, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for judgment by default and to strike defendant's answer be

1

denied. (Doc. No. 69.) The parties were given fourteen days to file objections to those findings and recommendations. Plaintiff filed objections on February 2, 2018. (Doc. No. 70.) Defendant filed a response to plaintiff's objections on February 13, 2018. (Doc. No. 71.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendant's response thereto, the court finds the findings and recommendations are supported by the record and by proper analysis.

In his objections, plaintiff concedes that defendant is not the staff member he accuses of destroying his legal materials. (Doc. No. 70 at 1.) Nevertheless, plaintiff objects that affidavits, memoranda, emails, letters, notes, and copies of policies and procedures related to this case were taken from him and destroyed. (*Id.*) Plaintiff further objects that his legal reference books were confiscated, and that when he attempted to retrieve them, a property officer told him they could not be found. (*Id.* at 1–2.) Thus, plaintiff seeks redress through "whatever systems are in place." (*Id.* at 2.)

Defendant was employed at the U.S. Penitentiary at Atwater at the time of the events at issue, which occurred while plaintiff was incarcerated at that institution. Plaintiff now accuses other prison officials at the institution where he is currently being held—the Federal Correctional Institution in Terre Haute, Indiana—of destroying his property and thereby interfering with his ability to litigate his case. Sanctioning defendant Morris by striking her answer and entering default judgment in favor of the plaintiff is not an appropriate sanction to even be considered under the facts and circumstances alleged by plaintiff.[1]

/////

---

[1] The undersigned declines to address whether plaintiff's contentions regarding the destruction of his property have merit, particularly since the prison officials he accuses in that regard have not been provided an opportunity to be heard on those allegations. It appears plaintiff is contending that his ability to prosecute this case, including his ability to respond to defendant's pending summary judgment motion, has been impaired by the loss or destruction of his property. As indicated below, this matter is being referred back to the assigned magistrate judge for further proceedings. The magistrate judge may be called upon to address plaintiff's contentions regarding denial of access to his property in the context of resolving the pending summary judgment motion and may consider an appropriate course of action in light of those claims.

2

Accordingly:

1. The findings and recommendations issued January 17, 2018 (Doc. No. 69) are adopted in full;
2. Plaintiff's motion for judgment by default and to strike defendant's answer (Doc. No. 68) is denied; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **April 12, 2018**

UNITED STATES DISTRICT JUDGE