# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. STRATMON, JR.,<br><br>　　　Plaintiff,<br><br>　v.<br><br>ANGELA MORRIS,<br><br>　　　Defendant. | Case No.: 1:12-cv-01837-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF No. 39]<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff David L. Stratmon, Jr., is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case proceeds on Plaintiff's complaint against Defendant Morris interference with his mail.

Currently before the Court is Defendant's motion for summary judgment, filed November 30, 2017. (ECF No. 67.)

## I.

## RELEVANT BACKGROUND

Previously, this action proceeded against Defendant Morris for retaliation and for interference with the right to receive mail. (ECF No. 16.) The complaint was served, and on May 18, 2015, Defendant Morris responded by a partial motion for summary judgment for the failure to exhaust administrative remedies. (ECF No. 26.) Thereafter, the parties sought several extensions of time to brief that motion. (ECF Nos. 28, 39, 42.) On August 24, 2016, findings and recommendations were

issued on the summary judgment motion, (ECF No. 46), which was followed by requests for extensions of time to object to those findings and recommendations, (ECF Nos. 48, 51.)

On January 5, 2017, the Court granted in part and denied in part Defendant's motion for partial summary judgment. (ECF No. 57.) Plaintiff's claim for retaliation was dismissed, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies. (Id.) As noted above, this case now proceeds on Plaintiff's complaint against Defendant Morris for interference with his mail. (*Id*.)

Defendant filed an answer to the complaint on January 19, 2017. (ECF No. 59.) On January 20, 2017, the Court issued the discovery and scheduling order. (ECF No. 60.)

Defendant filed the instant motion for summary judgment on November 30, 2017. (ECF No. 67.) Rather than responding to the motion, Plaintiff filed a motion for judgment by default and to strike Defendant's answer. (ECF No. 68.) Following the denial of Plaintiff's motion, on April 16, 2018, the Court ordered Plaintiff to respond to Defendant's motion for summary judgment. (ECF No. 73.) Plaintiff filed an opposition to the summary judgment motion on May 24, 2018, (ECF No. 74), and Defendant filed a reply, on extension, on June 7, 2018, (ECF No. 77). The motion is now deemed submitted. Local Rule 230(l).

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## III.

## DISCUSSION

### A. Summary of Plaintiff's Allegations

Plaintiff alleges that on December 23, 2010, an inmate employed by UNICOR was caught with two metal rods while exiting the institution dining hall. The inmate took the items prior to leaving his UNICOR job. On the same date, Plaintiff was summoned to the Lieutenant's office from his housing unit. Plaintiff was told that a metal rod had been found by UNICOR staff in the work area where Plaintiff was assigned. Plaintiff explained that seventy other UNICOR workers had the same access as he did. Plaintiff also told the Lieutenant that he had been in his housing unit at the time.

Approximately twenty minutes after he returned to his housing unit, Plaintiff was summoned to UNICOR by Defendant Morris, and former defendants Sahota and Stokes. These officers allegedly threatened Plaintiff. It was implied that if Plaintiff did not tell them who took the rod, it would be easy to arrange a metal rod to be "found" in Plaintiff's locker. Defendant Morris told Plaintiff to either resign or be locked up. Plaintiff resigned.

Plaintiff filed an inmate grievance regarding the matter. After the grievance was filed, Plaintiff was approached by Defendant Morris and told that the matter was not going to be resolved through the administrative grievance process and reminded Plaintiff about her threat. Defendant Morris threatened Plaintiff with further sanctions if he did not "comply with her stipulations and regulations."

Plaintiff was the recipient of a UNICOR scholarship. Plaintiff successfully completed an electronics course. Plaintiff was ready to take the final examination and was awaiting the results of his final grades when communication with the university ended. Plaintiff attempted to obtain the final

grades, and enlisted the help of his counselor. Plaintiff was advised by the university that they had complied by sending, on numerous occasions, the information requested.

Upon further inquiries on the part of Plaintiff's counselor, it was revealed that Defendant Morris intentionally intercepted and confiscated Plaintiff's educational correspondence. The mail was withheld for over eight months, causing Plaintiff to miss his deadline for final exams for a course.

### B. Parties Arguments

Defendant first argues that when applying the framework for analysis set forth by the United States Supreme Court in Ziglar v. Abbasi, --- U.S. ---, 137 S. Ct. 1843 (2017), Plaintiff fails to state a cognizable Bivens First Amendment claim. Next, Defendant argues that the undisputed facts show that she only engaged in an isolated incident of referring non-legal mail for an investigation, and therefore did not violate Plaintiff's constitutional rights. Further, Defendant argues that she is entitled to qualified immunity because her actions did not violate any clearly established First Amendment right.

Defendant argues that the confiscation of his mail, even on a single incident, when done with no legitimate purpose, was sufficient to violate his rights. Here, there was no legitimate purpose to withhold Plaintiff's mail, as it was educational mail. Plaintiff further argues that when Defendant turned over his mail for an investigation, it was returned the same day, and Defendant retained it for eight months without notifying Plaintiff or his counselor, which violated his rights.

In reply, Defendant asserts that Plaintiff has no support for his argument that Defendant retained his mail for eight months. Regardless, Defendant relies upon her arguments in the motion that Plaintiff does not have a cognizable claim, that he cannot show a violation of his rights, and that she is entitled to qualified immunity.

### C  Analysis

The Court first addresses Defendant's argument that Plaintiff does not state any cognizable claim under the framework recently set forth by the United States Supreme Court in Ziglar.

In Ziglar, the Supreme Court stated that "expanding the Bivens remedy is now a disfavored judicial activity," and the Court has "consistently refused to extend Bivens to any new context or new category of defendants." Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted). The Court

set forth a two-part test to determine whether a Bivens claim may proceed. The district court must first determine whether the claim presents a new context from previously established Bivens remedies. If so, the Court must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens absent affirmative action by Congress. Id. at 1857, 1875. Thus, the Court first turns to whether Plaintiff's claim for confiscation of and interference with his mail presents a new context from previously established Bivens remedies.

"Since Bivens, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment, see Bivens, 403 U.S. 388; (2) gender discrimination by a congressman in violation of the Fifth Amendment for an employee not covered by Title VII, see Davis v. Passman, 442 U.S. 228 (1978); and (3) deliberate indifference toward a prisoner in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980)." Adralan v. McHugh, No. 1:13-CV-01138-LHK, 2013 WL 6212710, at *10 (N.D. Cal. Nov. 27, 2013). In this case, Plaintiff's claim for confiscation and interference with his mail under the First Amendment presents a new context in Bivens, and the Court must proceed to consideration of the special factors counseling against extension of Bivens in this context.

If the claim presents a new context in Bivens, the Court must consider whether there are special factors counseling against extension of Bivens into the area. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Ziglar, 137 S. Ct. at 1857-58. The Court should assess the impact on governmental operations system-wise, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

The Supreme Court has never implied a Bivens action under any clause of the First Amendment. See Reichie v. Howards, 566 U.S. 658 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."); Ashcroft v. Iqbal, 556 U.S. at 675 (assuming without deciding

that Bivens extended to First Amendment claim). In addition, the Supreme Court declined to extend Bivens to a First Amendment free speech claim relating to federal employment noting "that Congress is in a better position to decide" the issue. Bush v. Lucas, 462 U.S. 367, 390 (1983).

Also, Plaintiff has alternative remedies available to him, including the Bureau of Prisons ("BOP") administrative grievance process which Plaintiff utilized in this case. See Wilkie v. Robbins, 551 U.S. 537, 550 (2007). see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.") (citation omitted). In addition, the fact that Congress has not extended Bivens to claims under the First Amendment is itself a factor counseling hesitation. Ziglar, 137 S. Ct. at 1865.

Further, in Howard v. Lackey, Case No. 7:16-CV-129-KKC, 2018 WL 1211113, at *3 (E. D. Ky. Mar. 7, 2018), the district court found that special factors counseled hesitation from implying a Bivens remedy in the context of a prisoner's claim that prison personnel violated his constitutional rights by confiscating his mail. That district court held that implying a Bivens remedy in the context of a First Amendment claim for interference with mail was unwarranted because (1) the Supreme Court has never previously recognized a Bivens remedy under the First Amendment in any context; (2) the plaintiff had other avenues for relief for the violation he alleged, including through the BOP's administrative remedy process; and (3) extending Bivens liability in the context alleged would impose substantial costs on the government and potentially increase the filing of frivolous prisoner lawsuits. Id. That district court reasoned that Congress, not the courts, was best suited to evaluate whether relief should be permitted in those circumstances. The Court finds the reasoning and analysis in Howard persuasive, and that the same factors discussed by that court counsel hesitation in extending a Bivens remedy to the claim that Plaintiff alleges in this case.

For the foregoing reasons, the Court recommends declining to find an implied Bivens cause of action for First Amendment interference with and confiscation of mail. See, e.g., Free v. Peikar, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (noting that nationwide, district courts seem to agree that, post–Ziglar, prisoners have no right to bring a Bivens action for violation of the First Amendment). Therefore, the Court further recommends that summary judgment should be granted in

favor of Defendant on Plaintiff's claim based on the failure to state a cognizable claim. Finally, the Court declines to address Defendant's remaining, alternative arguments.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment, filed on November 30, 2017 (ECF No. 67) be granted, because Plaintiff has failed to state a cognizable claim; and

2. Judgment be entered in favor of Defendant.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 10, 2018**__

UNITED STATES MAGISTRATE JUDGE